**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN  DIVISION**


**UNITED STATES OF AMERICA,**                    :

              Plaintiff,                    :          Case No. **3:11-CR-80**

     v.                                        :          Judge Thomas M. Rose

**CAROL A. WILSON,**

             Defendant.                    :


## SENTENCING HEARING NOTICE AND ORDER

This case is scheduled for a sentencing hearing on **October 14, 2011**  at  **10:30 a.m.**  in

Courtroom 2, United States Courthouse, Dayton, Ohio,  before Judge Thomas M. Rose.

Title 18 U.S.C. § 3553(a) lists the following factors which must be considered in

determining a reasonable sentence in each case:

> a) Factors to be considered in imposing a sentence.--The court
> shall impose a sentence sufficient, but not greater than necessary,
> to comply with the purposes set forth in paragraph (2) of this
> subsection. The court, in determining the particular sentence to be
> imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history
> > and characteristics of the defendant;
>
> > (2) the need for the sentence imposed--
>
> > > (A) to reflect the seriousness of the offense, to promote
> > > respect for the law, and to provide just punishment for the
> > > offense;
>
> > > (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet

2

to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Under the law announced by the Supreme Court on January 12, 2005, in United States v. Booker, -- U.S. --, 125 S.Ct. 738 -- L.Ed.2d – (2005), the Sentencing Guidelines are no longer required to be applied, but the guidelines, nevertheless must be considered, together with all of the other factors enumerated in 18 U.S.C. § 3553(a).

The PSI report contains the Probation Officer's conclusions regarding the application of the guidelines, and if the parties had any objections to the PSI report or the Probation Officer's applications, those objections should have been filed in accordance with Local Rule 32.1(c) and will be heard in the same manner as they were heard pre-Booker.  Any motions for departures based on recognized guideline departures should also be filed and will be heard at the sentencing hearing.  In short, the procedures used to determine a correct sentencing guideline range will continue in the same manner as they existed pre-Booker.

If either party is of the opinion that a reasonable sentence would require a deviation from the imprisonment range, i.e., a sentence other than a sentencing resulting from an application of the sentencing guidelines, that party is ordered to file a Sentencing Memorandum, setting forth in detail the reasons why the imprisonment range under a guideline application should not be followed in this case, with particular reference to the other factors enumerated in 18 U.S.C.

3

§ 3553(a).

Any Sentencing Memorandum must be filed no later than 7 business days following the final disclosure of the presentence investigation report.  If the other party opposes the Sentencing Memorandum, the opposing party shall file a Response to Sentencing Memorandum no later than 5 business days following the receipt of the Sentencing Memorandum.  If the Court desires any further memoranda or a continuation of the sentencing hearing, the parties will be so notified.

IT IS SO ORDERED.


Date: <u>July 13, 2011</u>                               <u>**s/ Thomas M. Rose**            </u>
                                                        Thomas M. Rose, Judge
                                                        United States District Court